UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHESTER C. SMITH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>V. )<br>)<br>STANTON, KY, *et al.*, )<br>)<br>Defendants. ) | Civ. No. 5:21-cv-00222-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiffs' Motion to Remand [R. 8.] Plaintiffs argue there is not complete diversity of citizenship, as required by 28 U.S.C. § 1441(b)(2). *Id.* Defendant Allstate Insurance Company argues that the citizenship of its co-defendant, the City of Stanton, Kentucky, may be disregarded under the doctrine of fraudulent joinder. [R. 9 at 4-9.] For the reasons that follow, Plaintiffs' Motion to Remand will be **GRANTED**.

**I**

Plaintiffs Chester and Maxine Smith owned a home located at 87 Promenade Avenue, Stanton, Kentucky. [R. 1-1 at 1.] On July 25, 2020, while the home was temporarily unoccupied, a fire began. *Id.* While working to extinguish the fire, the Stanton Fire Department attempted to use water from a nearby fire hydrant. *Id.* Upon inspection, however, the hydrant was deemed inoperable. *Id.* Although the fire was eventually extinguished, "the residence and the contents were declared a total loss." *Id.* Now, Plaintiffs sue Allstate for claims related to their insurance coverage. *Id.* at 3-4. And separately, Plaintiffs sue the City of Stanton for negligence, alleging that it failed "to test, maintain and monitor the operative status of the fire

hydrant located nearest to the dwelling," and that its negligence caused the fire to burn longer and more intensely, "which exacerbated the loss" suffered. *Id.* at 2-3. Despite the lack of complete diversity of citizenship between the parties, Allstate removed this action to federal court. [R. 1-1.] And in response to Plaintiffs' subsequent Motion to Remand [R. 8], Allstate alleges that Stanton was fraudulently joined to this action to prevent its removal to federal court. [R. 9.]

**II**

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" parties who are "citizens of different states." *See* 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, the removing defendant bears the burden of showing that removal was proper. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), rev'd on other grounds by

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002) (citations omitted).

The general rule regarding removal based on diversity of citizenship is that there must be complete diversity "both at the time that the case is commenced and at the time that the notice of removal is filed" in order to properly remove the case to federal court. *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (emphasis added). Here, although the matter in controversy purportedly exceeds $75,000, the complaint on its face does not satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiffs are residents of Kentucky. [R. 1-1 at 3.] Defendant Allstate is a resident of Illinois. *Id.* But Stanton is also considered a citizen of Kentucky which potentially preclude complete diversity in this matter. *See Detroit v. Blanchfield*, 13 F.2d 1 (6th Cir. 1926) (considering the city of Detroit to be a citizen of the state of Michigan in a diversity of citizenship analysis). Regardless of whether the case is remanded or remains before this Court on the basis of diversity jurisdiction, Kentucky is the forum state and its substantive law will be followed. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). So long as the case remains in federal court, federal procedural law will govern as applicable, including in establishing the appropriate standards for fraudulent joinder and dismissal. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

**A**

Despite Plaintiffs' Motion to Remand for lack of complete diversity of citizenship, Allstate contends that Stanton was fraudulently joined and that its citizenship should be ignored when determining whether diversity jurisdiction is present. [R. 9 at 8.][1] Fraudulent joinder is a

---

[1] The Court notes that Allstate has filed a separate Motion to Dismiss under Rule 12(b)(6). [R. 5.] In its Motion, Allstate contends that Stanton is immune from suit and that, accordingly, Stanton should be dismissed, and diversity jurisdiction conclusively established. *See id.* But, at this stage in litigation, it is improper for the Court to analyze Allstate's Motion to Dismiss because it has not yet determined whether

3

"judicially created doctrine that provides an exception to the requirement of complete diversity."[2] *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). "The primary purpose of fraudulent joinder is to ensure that plaintiffs do not avoid diversity jurisdiction by pleading illegitimate claims involving non-diverse parties." *Taco Bell Corp. v. Dairy Farmers of America, Inc.*, 727 F. Supp. 2d 604, 607 (W.D. Ky. 2010). If the Plaintiff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Comm'n*, 579 F.3d at 624 (quoting *Coyne*, 183 F.3d at 493).

Allstate, the removing party, has the burden of proving fraudulent joinder and must present "sufficient evidence that a plaintiff could not have established a cause of action against [the] non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. "[T]he defendant bears a heavy burden to prove fraudulent joinder." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). To resolve a claim of fraudulent joinder, a court may "pierce the pleading" to consider summary judgment evidence, including affidavits presented by the parties. *Casias v. Wal-Mart Stores, Inc.*, 695

---

subject matter jurisdiction is proper. *See, e.g.*, *Douglas v. Tex. Eastern Transmission*, 2021 U.S. Dist. LEXIS 132851 at *3 (E.D. Ky. July 16, 2021) (collecting cases) (finding it improper to consider a motion to dismiss before determining whether complete diversity is present). Because Allstate repeats its immunity argument in its response to Plaintiffs' Motion to Remand and in its court-ordered supplement, however, the Court will consider the impact of immunity on Plaintiffs' ability to bring a colorable cause of action against Stanton within its fraudulent joinder analysis. [*See* R. 9; R. 13.]

[2] "Despite its name, fraudulent joinder does not require any showing of improper motive or fraud." *Cammack New Liberty, LLC v. Vizterra, LLC*, 2009 WL 2043568, *2 (E.D. Ky. July 13, 2009).

F.3d 428, 433 (6th Cir. 2012). Any contested issues of fact should be construed in the non-removing party's favor. *Walker*, 443 F. App'x at 953. Any ambiguities in relevant state law must also be construed in the non-removing party's favor. *Id.*; *see also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

B

Here, Allstate argues that remand is inappropriate because Stanton was fraudulently joined. In their Complaint, Plaintiffs allege that Stanton negligently tested, maintained, and monitored a fire hydrant located near their home and that Stanton's negligence allowed the fire to burn longer and more intensely, which exacerbated their damages. [R. 1-1 at 2-3.] In response, Allstate contends that Stanton is entitled to sovereign immunity under the Claims Against Local Government Act and that, accordingly, Plaintiffs have no colorable claim against Stanton. [R. 9 at 5-8.] In support, Allstate cites *Siding Sales*, *Inc. v. Warren Cty. Water Dist.*, in which the Kentucky Court of Appeals declared a City immune from suit regarding its alleged negligent failure to upgrade its water supply in support of firefighting services. *See* 984 S.W.2d 490, 494 (Ky. App. 1998). Consequently, because this matter also involves firefighting services, and because negligence is alleged, Allstate contends that Stanton is immune from suit and is fraudulently joined to this action. [*See* R. 9 at 5-9.] But, in opposition to this argument, Plaintiffs contend that Stanton's alleged negligent testing, maintaining, and monitoring of a fire hydrant constitutes a ministerial act for which sovereign immunity does not apply and that they have asserted a colorable claim against Stanton. [R. 11 at 4-7 (collecting cases in which repair and maintenance of city property is deemed ministerial and not discretionary for immunity purposes)].

5

Upon review, the Court agrees with Plaintiffs that remand is appropriate. Under CALGA, the Kentucky legislature waived sovereign immunity for most actions in tort brought against local governments. KRS § 65.2001. CALGA defines "action in tort" as "any claim for money damages based upon negligence, medical malpractice, intentional tort, nuisance, products liability and strict liability, and also includes any wrongful death or survival-type action." KRS § 65.200(1). But, despite its waiver, CALGA provides that "[n]othing in [the statute] shall be construed to exempt a local government from liability for negligence arising out of acts or omissions of its employees in carrying out their ministerial duties." KRS § 65.2003. Moreover, CALGA makes clear that its waiver of immunity does not apply when, in "[t]he exercise of discretion when in the face of competing demands," a city "determines whether and how to utilize or apply existing resources," or when a city "fail[s] to make an inspection." *Id.*

Through its reliance on *Siding Sales*, Allstate contends that Stanton's alleged failure to test, monitor, and maintain the fire hydrant nearest to Plaintiffs' home falls within the exemptions to CALGA's waiver. [*See* R. 9 at 7-8.] But the disputed action in *Siding Sales* was regarding a city's failure to upgrade its water system and upon review, the Kentucky Court of Appeals ruled that the city's failure to upgrade a system constituted action protected under CALGA's exemption for discretionary acts made in the face of competing demands. *See Siding Sales*, 984 S.W.2d at 494. Here, Stanton is not alleged to have negligently established a system of fire hydrants but is instead alleged to have improperly maintained, tested, and monitored its system once installed. [R. 1-1 at 2.] And while Kentucky courts have not analyzed an identical scenario, *Madden v. City of Louisville* is insightful. In *Madden*, Louisville was accused of negligently constructing, maintaining, and repairing its sewer system which led to rainwater diverting onto neighboring property. 2004 Ky. App. Unpub. LEXIS 581, *14-*15 (Ky. App.

6

2004). There, the Kentucky Court of Appeals ruled that, "while the decision whether to establish [a public utility system]" is a discretionary act, "the maintenance and construction" of the system constituted a ministerial duty for which Louisville was not entitled sovereign immunity under CALGA. *Id.* (citing *Mason v. City of Mt. Sterling*, 122 S.W.3d 500, 504 (Ky. 2003). Accordingly, the dominant pattern in Kentucky case law indicates that the maintenance, monitoring, and testing of city-owned property are ministerial acts for which sovereign immunity is inapplicable. *See, e.g.*, *Univ. of Ky. Fire Marshals v. Saunier*, 2017 Ky. App. Unpub. LEXIS 361, at *6-*7 (finding the maintenance of aisle pads at Rupp Arena to constitute a ministerial act); *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 809 n.9 (Ky. 2009) (indicating that driving cars, posting warning signs, and moving office furniture are activities for which "immunity serves no worthwhile purpose."). And because the exemptions from CALGA are unlikely to extend to the claims brought against Stanton, and because any ambiguities in relevant state law must also be construed in the non-removing party's favor, remand is appropriate. *Alexander*, 13 F.3d at 949.

### III

Accordingly, because Plaintiffs have a colorable claim against Stanton, complete diversity of citizen is not present, their Motion for Remand [**R. 8**] is **GRANTED**, and this matter is **REMANDED**.

This the 23d day of February, 2022.

Gregory F. Van Tatenhove
United States District Judge

8